IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEKSANDER SHUL, *et al.* | ) | CASE NO:  1:21-CV-01945 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE WILLIAM H. |
| | ) | BAUGHMAN JR. |
| CITY OF UNIVERSITY HEIGHTS, OHIO | ) | |
| | ) | **DEFENDANT CITY OF UNIVERSITY** |
| Defendant. | ) | **HEIGHTS MOTION TO DISMISS OR** |
| | | **STAY** |

Pursuant to Civil Rule 12(b)(6), Defendant City of University Heights, Ohio, moves this Court to dismiss or, in the alternative, to stay the Complaint herein, in order to avoid simultaneous litigation at the federal and state levels concerning the same controversy, the same causes of action, and the same parties.

Respectfully submitted,

*/s/ Luke F. McConville*
LUKE F. McCONVILLE (0067222)
Director of Law
MICHAEL E. CICERO (0058610)
NICOLA, GUDBRANSON & COOPER, LLC
1400 Republic Building
25 W. Prospect Avenue
Cleveland, Ohio  44115
Phone: (216) 621-7227
Fax:    (216) 621-3999
mcconville@nicola.com
cicero@nicola.com

*/s/ Donald Brey*
MARK LANDES (0027227)
DONALD C. BREY (0021965)
ISAAC WILES & BURKHOLDER, LLC
Two Miranova Place, Suite 700

Columbus, Ohio  43215-5098
Phone: (614) 221-2121
Fax:     (614) 365-9516
mlandes@isaacwiles.com
dbrey@isaacwiles.com

*Attorneys for Defendant*
*City of University Heights*

2

## MEMORANDUM IN SUPPORT

### I.   BACKGROUND

Both the instant federal court action and the pending state court action arise from the City's attempts to enforce the University Heights Codified Ordinances ("UHCO"), UHCO Building Code, Ohio Building Code, and Fire Code, against the Plaintiffs. In 2016, City officials were first notified that Plaintiffs Denciger and University Realty had formed a religious congregation and were conducting religious services out of a single-family residential property located at 4380 University Parkway in University Heights, Ohio (the "Property").

The religious congregation, called Aleksander Shul, was found to be operating illegally and in violation of UHCO. On September 6, 2019, the University Heights City Prosecutor charged University Realty with five counts criminal violations related to their violations of the University Heights Codified Ordinances. University Realty ultimately pled no contest to the criminal charges and was convicted.  This conviction is currently on appeal to the Cuyahoga County Court of Appeals.  See the Notice of Appeal attached hereto as Exhibit C.

After charges were filed, University Realty applied for a Special Use Permit ("SUP") in order to continue to operate a house of worship at the Property. Although, the University Heights Planning Commission heard University Realty's application and gave it several opportunities to cure their numerous violations of law, they failed to do so. Instead, Plaintiffs continued to conduct religious services at the Property in violation of the law.

### A.   State Court Action

Thus, on June 7, 2021, the City of University Heights (the Defendant herein) filed a complaint against the three Defendants herein in the Cuyahoga County, Ohio Court of Common

Pleas, styled *City of University Heights v. University Realty USA, LLC, Aleksander Shul, and Shneur Zalman Danciger,* Cuyahoga County (Ohio) Common Pleas Court Case No. CV-21-948437.  The state court complaint sought to enjoin the Plaintiffs herein from continuing to violate the zoning code, particularly those relating to health and safety.  A copy of the state court complaint is attached hereto as Exhibit A.

On September 14, 2021, the Plaintiffs herein filed an Answer and Counterclaim in the state court proceedings, a copy of which is attached hereto as Exhibit B.

In their state court Counterclaim, the Plaintiffs herein alleged that the Defendant herein violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §1983, the Ohio Constitution, and Ohio common law.

## B.      Federal Court Action

One month later, on October 13, 2021, Plaintiffs filed the instant federal court action.  In the instant action, Plaintiffs again allege that the Defendant herein violated RLUIPA, 42 U.S.C. §1983, the Ohio Constitution, and Ohio common law.

The vast majority of Plaintiff's Complaint herein is word for word identical with the verbiage used by these same parties in their state court counterclaim.  Likewise, the specific causes of action alleged by Plaintiffs herein against the City of University Heights, with minor exceptions, are almost identical to the causes of action alleged by these same parties against the City of University Heights in their state court counterclaim.

4

The following chart shows the substantial similarity between the state court counterclaim and the federal court complaint.

| FEDERAL COURT COMPLAINT | STATE COURT COUNTERCLAIM |
|---|---|
| Plaintiffs:<br>Aleksander Shul<br>Shnior Zalman Denciger<br>University Realty USA LLC | Defendants:<br>Aleksander Shul<br>Shnior Zalman Denciger<br>University Realty USA LLC |
| Defendant:<br>City of University Heights | Plaintiff:<br>City of University Heights<br><br>(Mayor Brennan is a Third-Party Defendant) |
| Count I – RLUIPA – "Substantial Burdens" | Count I –RLUIPA – "Substantial Burdens" |
| Count II – RLUIPA – "Equal Terms" | Count IV – 42 USC 1983 – Equal Protection |
| Count III – RLUIPA – "Unreasonable Limitations" | Count II – RLUIPA – "Nondiscrimination" |
| Count IV – 42 USC 1983 – Free Exercise | Count III – 42 USC 1983 – Free Exercise |
| Count V – 42 USC 1983 – Prior Restraint | |
| Count VI – Ohio Const. – Rights of Conscience | Count V – Ohio Const. – Rights of Conscience |
| Count VII – Ohio Common Law | Count VI – Ohio Common Law |

Although not all of the counts are word for word identical (some are), the claims are substantially identical, and clearly are "parallel" actions.

## II.     LAW AND ARGUMENT

It is well-settled that federal courts have the power to dismiss or abstain from hearing a lawsuit because of parallel litigation in state court.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

U.S. 1 (1983); *Romine v. CompuServe Corp.*, 160 F.3d 337 (6th Cir. 1998).  In *Colorado River,* the Supreme Court noted that, despite the "virtual unflagging obligation of federal courts to exercise the jurisdiction given them," consideration of judicial economy and federal-state comity may justify abstention in situations when parallel litigation is pending in state and federal courts. 424 U.S. at 817.  As the Supreme court explained, the principles underlying this doctrine "rest on consideration of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)).

The Supreme Court has identified eight factors that a district court may consider in determining if abstention in favor of a parallel state court proceeding is appropriate:

(1)     whether either court has assumed jurisdiction over property;

(2)     the avoidance of piecemeal litigation;

(3)     the order in which the courts obtained jurisdiction;

(4)     the inconvenience of the federal forum;

(5)     whether the substantive rule of the case comes from state or federal law;

(6)     whether the state court proceeding is inadequate to protect the plaintiff's rights;

(7)     the relative progress of the state and federal proceedings; and

(8)     the presence or absence of concurrent jurisdiction.

*Colorado River,* 424 U.S. at 818; *Moses H. Cone,* 460 U.S. at 3; *see also PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 206 (6th Cir. 2001); *Romine,* 160 F.3d at 341. These factors are not to be considered in a mechanical way, but rather are to be balanced with one another, as they relate to the individual case to which they are applied. *Moses H. Cone*, 460 U.S. at 16. "No one factor is

necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818.

### A.    The State and Federal Court Actions Are Parallel.

To determine if abstention is appropriate, the district court must first determine that the concurrent state and federal actions are parallel. *See Romine*, 160 F.3d at 339; *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28 (6th Cir. 1984). Importantly, "***[e]xact*** parallelism is not required; it is enough if the two proceedings are ***substantially similar***." *Romine*, 160 F.3d at 340 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)) (emphasis added). There can be little doubt that this action is substantially similar, and therefore parallel to, the claims asserted by Plaintiffs herein in the State Court Action. The parties to this federal court action are also parties to the State Court Action. Both proceedings concern the same underlying dispute, and Plaintiffs herein have put forth the same primary theories of recovery in both proceedings.

While there is one additional party involved in the State Court Action (the mayor of University Heights), this fact is unavailing. "If the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties." *Romine*, 160 F.3d at 340

### B.    The State Court First Obtained Jurisdiction Over The Property Dispute.

The state courts first obtained jurisdiction over this property dispute both in the criminal conviction on appeal and in the parallel State Court Action still pending before the state trial court. To the extent this factor has weight, it favors abstention.

7

**C.  Allowing Concurrent Actions Would Result in Piecemeal Litigation.**

Concurrent lawsuits concerning the same issue would result in piecemeal litigation of the controversy, which favors abstention. Piecemeal litigation "occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. As the Sixth Circuit has stated, the danger of inefficient adjudication is "self-evident" when substantially similar parties litigate identical claims in separate venues. *Id.* If both cases  are allowed to proceed, the parties would be engaged in a classic "race to judgment" situation, whereby the ruling in one court could have a preclusive effect in the  other – and favorable or unfavorable rulings in one court could motivate parties to speed up or to slow down proceedings depending on which forum appeared to be more favorable to one or the other parties' position at any given time. Conversely, requiring Plaintiffs herein to proceed with all of their claims in the State Court Action – claims that Plaintiffs herein voluntarily raised in the first instance in the State Court Action - would prevent either party from having to look over its shoulder.

**D.  The State Court was First to Obtain Jurisdiction.**

The Supreme Court has held that the order in which the federal and state courts obtain jurisdiction is a factor, although it is not determinative of priority between the venues. *Moses H. Cone*, 460 U.S. at 3 ("priority should not be measured exclusively by which complaint was filed first"). Rather, priority between venues should be measured by the relative progress between the state and federal actions.  *Id.*

Here, the state court obtained jurisdiction first *and* has also made significant progress. The parties to the State Court action have agreed to mediation and agreed to stay further

proceedings pending mediation.  The Plaintiffs in the instant action "interpreted" that agreement only to preclude filing further motions or pleadings in the *State* Court Action,  but to permit them to file this federal court action three weeks before University Heights' mayor stood for reelection[1].  While the proper interpretation of the parties' agreement to stay proceedings is not before this court, the adverse effect of dual actions on the ability of the parties to resolve their disputes in the previously filed state court action *is* before this court.

### E.    Plaintiffs' Rights Would be Adequately Protected in the State Action

Plaintiffs' rights would be adequately protected in the pending State Court Action, and Plaintiffs can make no showing that the claims asserted in this proceeding cannot be fairly and fully adjudicated in the State Court Action in which they initially made those same claims.

### F.    The State and Federal Court Actions Involve Both State and Federal Law.

The underlying dispute involves the application of a city's building and zoning codes to a particular residential property.  If Plaintiffs herein seriously believed that the dispute is primarily a federal one, they could have timely raised any alleged federal issues and removed the state action to federal court.  Instead, well after the time for seeking removal had expired, Plaintiffs herein sought to avoid the effect of the removal deadline by filing a new complaint regarding the same dispute.

### G.    Defendant is Not Using Abstention as a Vehicle to Avoid Adjudicating Plaintiffs' Federal Claims.

The abstention analysis is weighted in favor of the exercise of federal jurisdiction to prevent litigants from filing state complaints to avoid unfavorable federal claims. *Romine*, 160

---

[1] He won.

F.3d at 342. In this case, however, University Heights filed the State Court Action months before Plaintiffs herein initiated this Federal Court action. Thus, the State Court Action was not a "reactive suit" that was filed to shop for a more favorable forum. The Sixth Circuit has held that "the fact that [a] state action [is] not a reactive suit by a defendant attempting to force abstention in order to effect a forum shopping ploy…counsel[s] very strongly in favor of abstention." *Id*.

University Heights looks forward to resolving all of Plaintiffs' allegations in the State Court Action. University Heights' motion for abstention is motivated by the desire to avoid conflicting judgments, to avoid a "race to verdict", to avoid the enormous inconveniences presented by duplicative litigation, and to have one fact finder hear the issues of this matter in its entirety, and not in bits and pieces.

### H.    Plaintiffs are Forum Shopping

A party that may be attempting to forum-shop to avoid adverse state court rulings has been a factor in the abstention analysis. *See, e.g., America Int'l Underwriters*, 843 F.2d at 1259 (9th Cir. 1989). As noted by the Sixth Circuit in *Romine*, "the legitimacy of the court system in the eyes of the public and fairness to the individual litigants [] are endangered by duplicative suits that are the product of gamesmanship . . .." 160 F.3d at 341.

If the current mediation attempts are unsuccessful, the parties will have an opportunity to prove their case at a preliminary injunction hearing soon thereafter before the Cuyahoga County Common Pleas Court.  Perhaps Plaintiffs herein are apprehensive about their ability to persuade the Cuyahoga County Court of Appeals that the criminal conviction should be overturned. Perhaps Plaintiffs fear that the Cuyahoga County Common Pleas Court will not be a friendly forum in light of that conviction in the related case.  Whatever Plaintiff's motivation may be, it

appears that Plaintiffs herein do not want a prompt resolution by the Cuyahoga County Common Pleas Court, and that they have a preferred forum in which they have filed this duplicative suit, in an attempt to forum shop.

<u>**CONCLUSION**</u>

The instant action is substantially identical to the same action previously filed by Plaintiffs herein as a counterclaim in state court.  The relevant *Colorado River* factors strongly support abstention.  Thus, Defendant University Heights respectfully requests that the Court either dismiss this action or stay this action pending resolution of the State Court Action.

Respectfully submitted,


*/s/ Luke F. McConville*
LUKE F. McCONVILLE (0067222)
Director of Law
MICHAEL E. CICERO (0058610)
NICOLA, GUDBRANSON & COOPER, LLC
1400 Republic Building
25 W. Prospect Avenue
Cleveland, Ohio  44115
Phone: (216) 621-7227
Fax:    (216) 621-3999
mcconville@nicola.com
cicero@nicola.com


*/s/ Donald C. Brey*
MARK LANDES (0027227)
DONALD C. BREY (0021965)
ISAAC WILES & BURKHOLDER, LLC
Two Miranova Place, Suite 700
Columbus, Ohio  43215-5098
Phone: (614) 221-2121
Fax:    (614) 365-9516
mlandes@isaacwiles.com
dbrey@isaacwiles.com

11

Attorneys for Defendant
City of University Heights


## <u>CERTIFICATE OF SERVICE</u>

A true copy of the foregoing was filed electronically on this 8th day of November 2021.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt. Parties may access this filing through the Court's system.


*/s/ Donald C. Brey*
Donald C. Brey (0021965)